UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD R. MAHADAY,

    Petitioner,

v.                                             CASE NO. 02-CV-72363-DT
                                               HONORABLE AVERN COHN

JOHN CASON,

    Respondent.
_____/

## ORDER GRANTING IN PART A CERTIFICATE OF APPEALABILITY

I.

This is a habeas corpus case under 28 U.S.C. § 2254. Donald R. Mahaday (Petitioner), a state prisoner convicted of first-degree murder and assault with intent to commit murder, filed a petition claiming to be incarcerated in violation of his constitutional rights. Petitioner raised several grounds for relief. The Court, following an evidentiary hearing, denied the petition. See Order filed April 27, 2005. Petitioner seeks to appeal the Court's decision.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120

S. Ct. at 1604.  The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Petitioner raised the following grounds for relief in the petition:

A.     Conviction based on perjured testimony.  Prosecution witness Jefferson Galloway wrote a letter to Petitioner's family recanting his testimony.

B.     Ineffective assistance of trial and appellate counsel. Petitioner was granted immunity for his testimony against Michael Loukas and was originally not charged in this

2

matter.  Loukas was bound over for trial and Petitioner was released from custody.  Several months later, Petitioner was charged with the crime.  This issue was never raised by trial or appellate counsel.

C. Prosecutorial misconduct

1. In an attempt to prove that a robbery had occurred, the prosecutor (a) gave the jury the impression that the victims' wallets were missing at the crime scene and (b) suppressed evidence that wallets and other personal effects were returned to the victims' families.  (Pursuant to police report).

2. The prosecutor injected personal beliefs that were not supported by fact.  All evidence and testimony showed that there was only one shooter during the commission of the crime.  The prosecutor repeatedly stated that he "thought both defendants shot the victims" and that he "thought defendants passed the gun around."

3. The prosecutor failed to disclose that he had made a deal with a prosecution witness.  The prosecutor arranged for the witness to receive a light sentence for armed robbery in exchange for his testimony.

4. The prosecutor misstated evidence in his closing arguments.  Though there were no prosecution witnesses present at the crime scene, the prosecutor stated that the witnesses had "seen and heard" the crime being committed.

5. The prosecutor misstated the law.  The prosecutor told the jury "all you have to do is threaten a person and ask for money, that is attempted armed robbery."

D. Petitioner was impeached with a nonexistent felony conviction.  While cross examining Petitioner, the prosecutor accused Petitioner of being guilty of a felony which was actually a misdemeanor.

E.  Trial counsel was ineffective where he failed to object to hearsay testimony. A prosecution witness testified as to what he was told by Petitioner's co-defendant.

F.  The trial court failed to instruct the jury on Petitioner's theory of the case. The underlying felony was never proven and Petitioner's contention that the only crime he committed was "taking money under false pretenses," which is a misdemeanor, was never explained to the jury.

G.  Trial counsel was deficient where he failed to file a pretrial motion to quash the felony murder charge where there was no evidence that a felony took place.

H.  Juror misconduct denied Petitioner a fair trial. A juror stated on the first day of trial that she believed Petitioner was guilty.

I.  The trial court's instruction on intoxication was inadequate.

Following the appointment of counsel for Petitioner and the filing of briefs, the Court held an evidentiary hearing which focused primarily on Petitioner's first and second habeas claims regarding Jeff Galloway's alleged perjured testimony and the alleged promise of immunity. Following the hearing, the Court denied all of Petitioner's claims.

Upon review of the record, reasonable jurists could debate whether Petitioner is entitled to habeas relief based on his first two claims; however, reasonable jurists could not debate the Court's conclusion as to Petitioner's remaining claims. Accordingly, a certificate of appealability is GRANTED as to Petitioner's first and second habeas claims set forth as Claims A. and B. above.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2005
Detroit, Michigan